UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21262-CIV-UNGARO/TORRES

FRU VEG MARKETING, INC.,  )
a Florida corporation )
 )
      Plaintiff, )
 )
vs. )
 )
VEGFRUITWORLD CORP., f/k/a )
FRUVEG USA CORP., a Florida corporation; )
 )
FRUVEG COLOMBIA S.A.S., )
a foreign corporation; )
 )
FRUVEG PERÚ EXPORT S.A.C., )
a foreign corporation; )
 )
FRUVEG GUATEMALA S.A., )
a foreign corporation; )
 )
FRUVEG VALENCIA, )
a foreign corporation; )
 )
FRUVECO DEC S.A.S., )
a foreign corporation, )
 )
ANDRES BICKFORD, )
an individual; )
 )
JOSE J. QUEZADA, SR. )
an individual; )
 )
HUGO CORAL, SR. )
an individual; )
 )
and JOSE RUANO, )
an individual; )
 )
      Defendants. )
_____ )

1

## PLAINTIFF'S MOTION FOR COURT-DIRECTED ALTERNATIVE SERVICE OF PROCESS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, pursuant to FED. R. CIV. P. 4(h)(2) and 4(f)(3), seeks entry of an Order granting it leave to effect service of process via alternative methods of service of process, including electronic mail and/or international courier by Federal Express, upon Defendants FRUVEG COLOMBIA S.A.S. ("FRUVEG COLOMBIA"); FRUVEG PERÚ EXPORT S.A.C. ("FRUVEG PERÚ"); FRUVEG GUATEMALA S.A. ("FRUVEG GAUTEMALA"); FRUVEG VALENCIA; and FRUVECO DEC S.A.S. ("FRUVECO") (collectively "Foreign Defendants"), and in support thereof states:

1. The Foreign Defendants are all located outside this jurisdiction, and therefore must be served in accordance with FED. R. CIV. P. 4(h); however, based on Plaintiff's investigation, the individual Defendant BICKFORD (who has already been served, and has answered the Complaint) is a co-owner of at least one of the foreign entities, FRUVEG PERU.

2. While there may be other methods of service than those sought herein, such methods are prolonged and delay the swift administration of this case, and are contrary to judicial economy. For example, formal requests to foreign central authorities for service of process, such as under the Hague Convention or Inter-American Service Convention, may take up to six (6) months to process and be executed, similar to the length of time for Letters Rogatory.

3. There is no requirement for a party to attempt service of process any of the other methods enumerated in Rule 4(f)(1) or Rule 4(f)(2) before asking the Court for alternative relief under Rule 4(f)(3). See Rio Properties, 284 F.3d at 1014-1015. In fact, "[c]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Id. at 1015.

4. Plaintiff therefore seeks an Order from this Court authorizing more efficient means of service of process as are applicable to each Foreign Defendant as outlined below.

5. None of the methods of court-directed alternative service sought herein are prohibited by international agreement or foreign law, to Plaintiff's knowledge, and therefore should be deemed acceptable means of service.

6. This motion is filed by Plaintiff in good faith and not for purposes of delay. No party to this action will be prejudiced should this Court grant the relief sought herein. To the contrary, the relief sought by this Motion will further the swift administration of this action.

## I.  **INTRODUCTION**

Plaintiff brought this action against Defendants, importers and sellers of produce, for violating Plaintiff's trademark rights, and other unfair competition and trade practices, based on the Defendants' use of the mark "FRUVEG" on produce being imported and sold in the United States. Plaintiff also has alleged that Defendants have, individually and collectively as part of a conspiracy, imported and sold produce in the United States bearing the infringing mark "FRUVEG", causing confusion with Plaintiff's trademarks "FRU VEG" and "FRU VEG MARKETING" and incurring harm to Plaintiff's business and outstanding reputation. The affiliation of the Defendants is shown by the "FRUVEG WORLD" website, which is still active as of the date of this Motion. See Exhibit A.

Despite disavowing "control" over the foreign Defendants, the Plaintiff recently discovered that the Defendant BICKFORD is the co-founder and 50% owner of the foreign Defendant FRUVEG PERU. See Exhibit B, email from Defendant's counsel; and Exhibit C, corporate formation documents relating to Defendant FRUVEG PERU. Moreover, the foreign entity appears to have been formed **after** the Defendant BICKFORD was served with a Cease-and-Desist Letter (Exhibit D), which is indicative of the willfulness of Defendants' actions.

Plaintiff is in the process of serving the other local defendants, including the individual Defendants CORAL and QUEZADA. Properly serving the foreign Defendants located extraterritorially, however, requires additional time in many cases, if international agreements and protocol are to be strictly followed. For this reason, alternative methods of service of process have been authorized by courts in the past, permitting service via international mail or international courier, such as Federal Express; by electronic mail; and, by facsimile. These methods are not prohibited by international agreement or laws, and would serve to expedite the service of process on the foreign Defendants, so the case may proceed on the merits without sacrificing adequate notice or due process. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002).

The various Foreign Defendants present different factual circumstances, justifying varying means of service, as detailed below. For instance, the physical addresses of some are known, so delivery and service by international courier is possible. For others, the physical address is unknown, making common methods of service futile and/or impractical. An email address for one defendant is known, however, and which is believed to be a valid address, so

service on this defendant via electronic mail would be appropriate. For a number of other Foreign Defendants, no contact information is known, be it physical or electronic, and a registered agent has not been identified. However, as evidenced by the website printouts attached as Exhibit A, those Defendants hold themselves out as affiliated with local Defendant VEGFRUITWORLD CORP., f/k/a FRUVEG USA CORP. ("FRUVEG USA"), so service of process may best be effectuated on the Defendants FRUVEG USA, BICKFORD, and/or their counsel.

As discussed below, service by email and/or international courier is authorized by the Federal Rules of Civil Procedure, and has been found to be lawful in this Circuit, and well as, in decisions from several courts in other circuits. Service by email, facsimile and/or international courier will provide Foreign Defendants with prompt "formal" notice[1] of this action and will allow the Court to quickly and efficiently adjudicate Plaintiff's claims on the merits. Furthermore, the facts and circumstances of this case warrant service of process on Foreign Defendants in this manner, given that many of the countries are not signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") (see FED. R. CIV. P. 4(f)(1)), and the addresses for some are unknown.

## II.   MEMORANDUM OF LAW

### A. Service of Process Via Email, Facsimile, and/or International Courier is Appropriate Under Fed. R. Civ. P. 4(h)(2) and 4(f)(3)

Federal Rule of Civil Procedure 4(h) dictates the manner in which a foreign corporation may be served outside the jurisdiction, and recites, in pertinent part, that such service may be accomplished "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Federal Rule of Civil Procedure 4(f)(3), in turn, states that "[U]nless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served at a place not within any judicial district of the United States by other means not prohibited by international agreement, as the court orders." Accordingly, so long as the method of service sought is not in prohibited by international agreement, the court may direct service of process as will provide

---

[1] These Defendants likely have actual notice, given Defendant BICKFORD's ownership interest in one of the foreign entities (FRUVEG PERU), and possibly others.

adequate notice and due process. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). Moreover, as another division of this District has observed, FED. R. CIV. P. 4(f)(3) stands independently and on equal footing with FED. R. CIV. P. 4(f)'s other subsections, and it includes "no qualifiers or limitations which indicate its availability only after attempting service of process by other means." Brookshire Brothers, 2007 WL 1577771 at *2 (S.D. Fla., May 31, 2007), citing Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002). There is no requirement for a party to attempt service of process any of the other methods enumerated in Rule 4(f)(1) or Rule 4(f)(2) before asking the Court for alternative relief under Rule 4(f)(3). See Rio Properties, 284 F.3d at 1014-1015. In fact, "[c]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Id. at 1015.

Under Rule 4(f)(3), "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." Rio Properties, Inc., 284 F.3d at 1016. Specifically, in Rio Properties, the Ninth Circuit held that district court properly found that alternative service via international courier and via email was constitutionally acceptable. Id. at 1016-17. This Court has previously also found that international service via Federal Express and by hand delivery to counsel to be appropriate, so long as it is not prohibited by international agreement. Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas , S.A. de DV, 268 F.R.D. 687, *691, 2010 U.S. Dist. LEXIS 94978, **12 (S.D. Fla. Aug. 23, 2010). Moreover, the "Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." Rio Properties, Inc., 284 F.3d at 1017; see also Broadfoot v. Diaz (In re Int'l Telemedia Assoc.), 245 B.R. 713, 719– 20 (Bankr. N.D. Ga. 2000) (authorizing service via facsimile, ordinary mail, and email); Jenkins v. Pooke, WL 412987 *2-3 (N.D. Cal., Feb, 17, 2009) (directing service to be effectuated via electronic mail, international mail, and international courier); Chanel, Inc. v. Zhixian, 2010 U.S. Dist. LEXIS 50745, *11 (S.D. Fla. April 29, 2010) (service by email is appropriate).

     **1.    FRUVEG PERÚ – Defendant BICKFORD is 50% Owner.**

For Foreign Defendant FRUVEG PERÚ (a Peruvian corporation), the Plaintiff has recently discovered that the official address for this Foreign Defendant is: AV. 1 MZA. A LOTE. 1D URB. SESQUICENTENARIO PROV. CONST. DEL CALLAO – PROV. CONST. DEL

CALLAO – CALLAO, PERU, as evidenced by the Articles of Incorporation for FRUVEG PERÚ, attached as Exhibit C.  Accordingly, service at this address by international courier, such as Federal Express, would be appropriate.  In addition, the same Articles of Incorporation show co-Defendant ANDRES BICKFORD ("BICKFORD"), who is located *within* this jurisdiction and who has already been served individually, is a found part-owner of FRUVEG PERÚ.  Given the nature of this relationship, additional service on BICKFORD in his capacity as 50% owner of FRUVEG PERÚ should be sufficient to provide substantial notice to FRUVEG PERÚ of the instant suit.

2. **FRUVEG COLOMBIA & FRUVEG GUATEMALA – Addresses Known.**

Regarding Foreign Defendants FRUVEG COLOMBIA (a Colombian corporation), and FRUVEG GUATEMALA (a Guatemalan corporation), service via international courier or international mail, such as by Federal Express, is possible and would be appropriate since addresses for their principal places of business in each respective county are known.  See e.g. Tracfone Wireless, 268 F.R.D. at 691; Jenkins, WL 412987 at *2-3.  Although neither Colombia nor Guatemala are signatories to the Hague Convention, both countries do subscribe to the Inter-American Service Convention.  See United States Department of State Circulars, attached as Exhibit D.  Service via international mail or international courier are not prohibited under the Inter-American Service Convention, and so should be acceptable here.  Id.

3. **FRUVEG VALENCIA – Valid Email Addresses Known.**

With respect to Foreign Defendant FRUVEG VALENCIA (believed to be a Spanish corporation), service by international courier or international mail is not practical since its physical address is unknown at this time.  However, Plaintiff is aware of valid email addresses for self-purported agents of Foreign Defendant FRUVEG VALENCIA (and of FRUVEG USA).  See Exhibit E, emails (partially redacted for privacy).  Moreover, alternative service by facsimile on Foreign Defendant FRUVEG VALENCIA is also possible at the facsimile number 964472199 provided in the same email.  As noted previously, service by email and facsimile have been ordered by courts in the past.  Broadfoot, 245 B.R. at 719-20 (facsimile and email); Chanel, 2010 U.S. Dist. LEXIS 50745 at *11 (email).

4. **FRUVECO – Substituted Service is Appropriate.**

As to Foreign Defendant FRUVECO (a Colombian corporation), no known physical address, email address, facsimile, or registered agent information has been ascertainable to

6

Plaintiff through its investigations for the same.  However, Foreign Defendants FRUVEG PERÚ and FRUVECO hold themselves out to be related entities to Defendant FRUVEG USA, a Florida corporation, as evidenced by their shared website under the banner of "Fruveg World".  See Exhibit A.  In view of the related nature of the companies, and in lieu of any other capable means of serving Foreign Defendants FRUVEG PERÚ and FRUVECO, service on the affiliated Florida corporation FRUVEG USA should be sufficient to provide adequate notice to Foreign Defendant FRUVECO by extension.  This is particularly so, given the ongoing conspiracy occurring between the entities, outlined in the Complaint [D.E. 1].  The Florida Department of State lists the Registered Agent Name and Address for Defendant FRUVEG USA as Andres A. Bickford, Sr. at 285 Glenridge Road, Key Biscayne, Florida 33149.  See Exhibit F.  Accordingly, service on FRUVEG USA and Bickford, via their counsel, should be sufficient to notify Foreign Defendant FRUVECO.

### B. Plaintiff's Proposed Methods of Service are Not Prohibited By International Agreement and are Consistent With the Interests of Comity

The Court has "broad discretion" to direct alternative means of service under Rule 4(f)(3) when (a) consistent with due process and (b) not prohibited by international agreement. Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 921, 927 (11th Cir. 2003); see also Rio Properties, Inc., 284 F.3d at 1015.  The Plaintiff's proposed methods of service satisfy these requirements, as such methods are "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Spain is a signatory to the Hague Convention, but has not objected to methods of service by mail.  See United States Department of State Circular on Judicial Assistance in Spain, attached as part of Composite Exhibit D.  Colombia, Guatemala, and Peru are not signatories to the Hague Convention, but they do each subscribe to the Inter-American Service Convention. See id.  Accordingly, Plaintiff's proposed methods of court-directed alternate service by email, facsimile, international courier (FedEx), and/or hand delivery to counsel, are not prohibited by international agreement.

7

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order, pursuant to FED. R. CIV. P. 4(h)(2) and 4(f)(3):

(a) allowing Plaintiff to serve Foreign Defendants with the initial process within fifteen (15) days as follows:

   a. for Foreign Defendants FRUVEG PERÚ EXPORT S.A.C. and FRUVECO DEC S.A.S., by service on the Registered Agent for related Florida company and Defendant FRUVEG USA, namely, Andres A. Bickford, Sr., via Certified Mail at 285 Glenridge Road, Key Biscayne, Florida 33149, and by hand delivery to their Counsel, J. Michael Wermuth, Esq.;

   b. for Foreign Defendants FRUVEG COLOMBIA S.A.S. and FRUVEG GUATEMALA S.A., by service of a copy of the Summons and Complaint via international courier or international mail via Federal Express;

   c. for Foreign Defendant FRUVEG VALENCIA, by sending a copy of the Summons and Complaint to the email address for their agent, Shirley Mieles, namely, diazmieles@hotmail.es and/or by facsimile;

(b) allowing Plaintiff to file a Notice of Compliance within twenty (20) days as proof that service has been effectuated on each Foreign Defendant pursuant to the Order; and

(c) granting such other relief as the Court deems proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE – S.D. Fla. L.R. 7.1.A.3

I hereby certify that counsel for the movant has conferred with counsel for Defendants, first via email on May 10, 2012, and then by telephone conference dated May 15, 2012, in a good faith effort to resolve the issues raised in this motion but has been unable to do so.

Dated: May 16, 2012

Respectfully Submitted,

By: s/Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
**MALLOY & MALLOY, P.L.**

8

>
> 2800 S.W. Third Avenue
> Miami, Florida  33129
> Telephone: (305) 858-8000
> Facsimile: (305) 858-0008
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on this Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

>
> s/Oliver Alan Ruiz

**SERVICE LIST**

J. Michael Wermuth
Florida Bar No. 50768
Michael@rgmwlaw.com
**GONZALEZ & WERMUTH**
8750 N.W. 36 Street
Suite 425
Miami, FL  33178
Tel: 305.715.7157
Fax: 305.715.8982

*Attorneys for Defendants VEGFRUITWORLD and ANDRES BICKFORD*